MORRIS M. ELLIS ET AL. v. JAMES BARNES ET AL.

(Filed 2 March, 1921.)

**Deeds and Conveyances—Fraud—Undue Influence—Evidence—Questions for Jury.**

*Held*, in this case the evidence of the lack of capacity of the grantor to make a deed, attacked for fraud and undue influence, taken altogether was sufficient to take the case to the jury upon the issue submitted.

APPEAL by defendant from *Cranmer, J.*, at November Term, 1920, of WILSON.

This is a proceeding to sell one hundred acres of land for partition, the petitioners claiming that they are tenants in common with the defendants as the heirs of Martha Barnes.

The defendants set up two deeds, and a lease from the said Martha Barnes, under which they claim to be the owners of seventy acres of said land.

The plaintiffs reply that the said Martha Barnes did not have sufficient mental capacity to execute the deeds and lease, and also that they were procured by fraud and undue influence.

The jury returned the following verdict:

"1. Are the deeds from Martha Barnes to John R. Barnes and John A. Mayo and wife void for the want of mental capacity on the part of Martha Barnes at the time of the execution thereof? Answer: 'No.'

"2. Is the lease from Martha Barnes to John A. Mayo void because of the want of mental capacity on the part of Martha Barnes at the time of the execution of such lease? Answer: 'No.'

"3. Did John A. Mayo and wife, Mattie Mayo, procure the deed from Martha Barnes by reason of fraud and undue influence over the said Martha Barnes? Answer: 'Yes.'

"4. Did John R. Barnes procure the deed from Martha Barnes by means of fraud and undue influence over the said Martha Barnes? Answer: 'Yes.'"

Judgment was entered upon the verdict in favor of the plaintiffs, and the defendants appealed, reserving the exception that there was no evidence to support the verdict on the third and fourth issues.

*O. P. Dickinson for plaintiffs.*
*Connor, Hill & Little for defendants.*

PER CURIAM. We have carefully examined the record and are of opinion there were circumstances in evidence fit to be considered by the jury on the issues of undue influence.

The evidence of the petitioners tended to prove that Martha Barnes was old and feeble; that before the execution of the deeds she had two strokes of paralysis, and that her mind was much impaired; that she had eleven children, and that the deeds purported to pass seven-tenths of her property to a son-in-law and one child, and that there was no reason for discriminating between the children; that the deeds and lease were without consideration; that the first deed was to the son-in-law, and she was then living with him; that before the execution of this deed the son-in-law had two doctors to examine her for the purpose of seeing if she had sufficient mind to make a deed; that he employed an attorney to prepare the deed, and paid his fee; that he went to Elm City to get witnesses for the execution of the deed, because, as he said, "he wanted a good element"; that he had four witnesses to the deed "to show that she was in good fix"; that he said nothing to any one about the execution of the deed prior to its execution, and that he then told John R. Barnes, a son, and soon thereafter the other deed was executed under similar circumstances.

These circumstances, considered separately, would not be sufficient to justify setting aside the deeds, but when considered together ought to have been submitted to the jury.

No error.